FILED

DEC - 2 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRUD ROSSMAN,                )
                             )
            Plaintiff,       )
                             )
    v.                       )    Civil Action No. 13-1896
                             )
LENNERT LEADER, *et al.*,    )
                             )
            Defendants.      )

## MEMORANDUM OPINION

For purposes of this Memorandum Opinion, the Court consolidates two substantially similar complaints that the plaintiff submitted to the Clerk of Court on September 20, 2013. Upon review of plaintiff's applications to proceed *in forma pauperis* and both *pro se* civil complaints, the Court will grant the applications and dismiss the complaints.

"Plaintiff . . . file[d] this Verified Complaint (VC) alleging battery . . . in the context of government and 'private sector' sponsored Research & Development (R&D) and investigation abuse." Compl. ¶ 1 at 1; *see id.* ¶ 2 at 7 (alleging "aggravated battery with intent"). According to plaintiff, "Defendants physically touched [him], without his consent, in a harmful or offensive manner," by sponsoring the "injurious painful, or harassing, physical, Wireless signal transmissions, or ground-level violations, such as police beatings, and other 'intangible' or tangible violations of Plaintiff's rights . . . ." *Id.* ¶ 126 at 83-84. Some of these alleged "unlawful 'touchings', were comprised of approximately Thirty Eight Million Five Hundred Forty Four Thousand . . . wireless signal transmissions, while Plaintiff was awake, . . . spanning

1



the eleven (11) years, April 29, 2002 . . . to April 29, 2013." *Id.* ¶ 127 at 84-85; *see id.* ¶ 132 at 90 (alleging that defendants were "facilitating (i) the Wireless War Platform delivery of de facto 'bullets' aimed at Plaintiff['s] head and Brain by definition, Brainwave Entrainment as Target Practice, on a multi-Billion Dollar Satellite War Platform, and (ii) lies, concealment, cover up, coded euphemisms, and de facto aiding and abetting of a known, de facto criminal operation"). Plaintiff has demanded "Ten Million Dollars . . . in compensatory damages [and] Thirty Million Dollars in punitive damages," as well as declaratory and injunctive relief. *Id.* at 95.

Under District of Columbia law, "[a] battery is an intentional act that causes a harmful or offensive bodily contact." *Etheridge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993) (quoting *Jackson v. District of Columbia*, 412 A.2d 948, 955 (D.C. 1979)); *see Marshall v. District of Columbia*, 391 A.2d 1374, 1380 (D.C. 1978) ("As to the battery claim, once a plaintiff carries the burden of showing an intentional, unpermitted, harmful or offensive contact with his person or something attached to it, he has proved a technical battery.") (citations omitted). It appears that the complaint addresses two elements of a civil battery claim: intentional acts and harmful bodily contact.[1] The complaint does not appear to allege that either of the defendants

---

[1] Plaintiff's effort to bring criminal charges against defendants for battery fails. Ordinarily, criminal statutes create no private right of action, *see, e.g., Johnson v. United States*, 590 F. Supp. 2d 101, 104 n.1 (D.D.C. 2008) (dismissing claim alleging violation of 18 U.S.C. §§ 241, 242 because neither statute created private cause of action), and only a prosecutor may determine whether to pursue a particular criminal action, *see, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (recognizing that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case").

actually touched plaintiff. Absent allegations of that the defendants caused the harms plaintiff purportedly suffered, the complaint fails to state a claim, and it therefore must be dismissed.[2]

An Order consistent with this Memorandum Opinion is issued separately.

/s/
United States District Judge

DATE: Mar. 21, 2013

---

[2] The Court also questions whether this district is the proper venue for adjudication of plaintiff's claims. The defendants do not appear to reside in the District of Columbia, and none of the events giving rise to this action appears to have occurred in the District of Columbia. Nor is it clear that this Court may exercise personal jurisdiction over the defendants who are not alleged to reside or conduct business in the District of Columbia. Lastly, because the overwhelming majority of the complaint's factual allegations describe fantastic or delusional scenarios, the complaint arguably is subject to dismissal as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).